**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DEMETRIA HAYES-NEWELL and**<br>**DAVID HAYES,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 11 C 4655** |
| | ) | |
| **P.O. M. TROST, #10363, TYRA BROWN,** | ) | **Magistrate Judge Finnegan** |
| **#202, and LARRY DRAUS, #485, in their** | ) | |
| **Individual capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Demetria Hayes-Newell and David Hayes filed suit against Chicago Police Officer Mark Trost and Cook County Sheriff investigators Tyra Brown and Larry Draus, alleging false arrest and unlawful seizure in violation of 42 U.S.C. § 1983, and malicious prosecution in violation of Illinois state law. Currently before the Court are Defendants' motions to dismiss Plaintiffs' Amended Complaint. For the reasons set forth here, the motions are granted.

## BACKGROUND[1]

On March 24, 2009, Defendants Trost, Brown and Draus arrested and detained Plaintiffs on charges of cruelty to animals and animal owner duties. (Doc. 1-1 ¶ 4). Plaintiffs insist that the charges were baseless, and that Defendants acted on information "not sufficient to create a reasonable belief that the Plaintiffs had committed such criminal

---

[1] In reviewing this motion to dismiss, the Court accepts the Amended Complaint's factual allegations as true and draws all reasonable inferences in Plaintiffs' favor. *McGowan v. Hulick*, 612 F.3d 636, 638 (7th Cir. 2010).

offenses." (*Id.* ¶ 6). More than that, Plaintiffs claim that Defendants affirmatively "knew" they had not committed the charged offenses, and intentionally and maliciously arrested them in the absence of probable cause. (*Id.* ¶¶ 5, 6, 11). Plaintiffs were ultimately found not guilty of the animal crimes, and received a judgment of acquittal on November 4, 2009. (*Id.* ¶ 10).

Exactly one year after the arrest, on March 24, 2010, Plaintiffs filed suit in the Circuit Court of Cook County, alleging two counts of false arrest and unlawful seizure, and two counts of "Vicarious Liability of Agent/Employees." (Doc. 1-2). Plaintiffs did not serve Trost with the complaint until March 30, 2011, prompting Trost to file a motion to dismiss for untimely service. (*See* Doc. 16-2, at 4, 5). While that motion was pending, Plaintiffs filed an Amended Complaint on July 7, 2011, this time invoking § 1983 (Count I) and asserting a claim for malicious prosecution (Count II). (Doc. 1-1). On July 11, 2011, Trost removed the case to federal court, and approximately one month later, the parties consented to proceed before the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Trost now renews his motion to dismiss for untimely service. In addition, he and Defendants Brown and Draus seek dismissal on several other grounds, including failure to state a claim under Rule 12(b)(6).

## DISCUSSION

In evaluating the sufficiency of a complaint under Rule 12(b)(6), the Court must "construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the nonmoving party's] favor." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). "To survive a motion to dismiss, the plaintiff must do more in the complaint than simply recite elements of a claim; the 'complaint must

2

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. *See also Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir. 2010). Although a "formulaic recitation of the elements of a cause of action will not do," *id.* at 1949, a plaintiff need provide "only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Reger Development, LLC v. National City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008)).

Defendants argue that dismissal is appropriate for the following reasons: (1) Plaintiffs did not properly serve Trost under Illinois Supreme Court Rule 103(b); (2) the malicious prosecution claims are time-barred; (3) David Hayes was convicted of firearm possession, which precludes any claim for false arrest or malicious prosecution; and (4) the Amended Complaint fails to satisfy the minimum pleading requirements of *Iqbal* and *Twombly*. Plaintiffs failed to respond in any way to Defendants' motions despite two inquiries from the Court. "A litigant's failure to respond to arguments the opposing party raises in a motion to dismiss operates as a waiver or forfeiture." *Rosen v. Mystery Method, Inc.*, No. 07 C 5727, 2008 WL 723331, at *6 (N.D. Ill. Mar. 14, 2008). Thus, Defendants' motions are both granted. As discussed below, moreover, the claims against Defendant Trost, and the malicious prosecution claims are all dismissed with prejudice.

3

A.      **Service of Process**

Trost claims that the Amended Complaint cannot stand against him because he was not served in accordance with Illinois Supreme Court Rule 103(b). "[F]ederal courts may apply state procedural rules to pre-removal conduct," including "the timeliness of service of process." *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001). *See also Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) ("Because this attempt at service occurred before the case was removed, Illinois service of process rules govern whether the attempt was legally sufficient."). Illinois Supreme Court Rule 103(b) allows suits to be dismissed when the plaintiff has failed to exercise reasonable diligence in effecting service of process. *See Hunt ex rel. Chiovari v. Dart*, 612 F. Supp. 2d 969, 979 (N.D. Ill. 2009). Factors to consider in assessing reasonable diligence include: (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances that would affect the plaintiff's efforts; and (7) actual service on defendant. *Segal v. Sacco*, 136 Ill. 2d 282, 287, 555 N.E.2d 719, 720-21 (1990). A court should view these factors in light of the purpose of Rule 103(b), *id.*, 555 N.E.2d at 721, which is "to protect defendants from unnecessary and intentional delays in the service of process, to safeguard against any evasions of limitations which would undermine the statutes, and to promote expeditious handling of suits." *Viking Dodge Inc. v. Hofmann*, 161 Ill. App. 3d 186, 188-89, 514 N.E.2d 248, 250 (3d Dist. 1987).

4

When a party's "failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations," Rule 103(b) provides that the lawsuit should be dismissed with prejudice.  The statute of limitations for a false arrest and unlawful seizure claim is two years, and begins to run on the date of the arrest.  *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009) (citing 735 ILCS 5/13-202); *Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("[A] § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.").  The statute of limitations for malicious prosecution claims brought under state law against a state employee is one year.  *Grzanecki v. Cook County Sheriffs Police Dep't*, No. 10 C 7345, 2011 WL 3610087, at *2 (N.D. Ill. Aug. 16, 2011).  Such claims begin to accrue when "the proceedings are terminated in the plaintiff's favor."  *Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998).

In this case, Plaintiffs were arrested on March 24, 2009, and the criminal proceedings against them terminated on November 4, 2009.  After filing suit on March 24, 2010, Plaintiffs attempted to serve Trost, but the summons and complaint was returned on May 18, 2010 with no personal service.  (Doc. 16-2, at 1).  Plaintiffs continued to prosecute their case, including obtaining leave to amend the pleadings in December 2010.  Trost remained unserved, however, and Plaintiffs did nothing about it until March 2011 when they moved to appoint a special process server.  Trost was finally served on March 30, 2011, approximately two years and six days after Plaintiffs' arrest, and more than 16 months after the criminal proceedings against them terminated.  (*Id.* at 4).  Trost insists that because he

5

was served after the statute of limitations expired on Plaintiffs' claims, the case against him should be dismissed with prejudice.

Plaintiffs bear the burden of showing that they exercised reasonable diligence to obtain service. *Tischer v. Jordan*, 269 Ill. App. 3d 301, 307, 645 N.E.2d 991, 995 (1st Dist. 1995). They have not done so in this case. Notably, Plaintiffs do not dispute Defendants' assertion that their attorneys "have filed lawsuits against individual Chicago police officers in the past" and thus "clearly know[]" how to effect proper service. (Doc. 16, at 6). The complaint against Defendant Trost is dismissed with prejudice.

## B.    Malicious Prosecution

In a related argument, Defendants contend that Plaintiffs' malicious prosecution claims are time-barred. As noted, the statute of limitations on those claims started to run on November 4, 2009 when Plaintiffs were acquitted of the animal cruelty and animal owner duties charges. Plaintiffs filed their original complaint on March 24, 2010, well within the one-year limitations period. However, they did not assert a malicious prosecution claim at that time, waiting instead until they filed an Amended Complaint on July 7, 2011. By that time, the statute of limitations had expired. *Grzanecki*, 2011 WL 3610087, at *2; *Sneed*, 146 F.3d at 481. Plaintiffs do not dispute that their malicious prosecution claims are time-barred, or offer any basis for allowing them to proceed. The malicious prosecution claims are thus dismissed with prejudice.

**C.      Remaining Claims**

The only claims remaining in the case are for false arrest and unlawful seizure against Defendants Brown and Draus.  Defendants argue that these claims must be dismissed because the Amended Complaint does not give them fair notice of the specific charges against them.  (Doc. 16, at 13; Doc. 17, at 2).  In Count I, for example, Plaintiffs allege that "one or more of the defendants committed one or more of the following acts or omissions resulting in Plaintiffs' arrest and detention."  (Doc. 1-1, Count I ¶7).  In Count II, similarly, Plaintiffs allege that "defendants Trost, Brown and Draus committed one or more of the following acts or omissions resulting in the Plaintiffs' arrest and detention."  (*Id.*, Count II ¶ 8).  In both cases, Plaintiffs then go on to identify between four and seven purportedly improper acts, but do not attribute them to any particular defendant. Significantly, one of those defendants has now been dismissed from this lawsuit. Defendants object that this does not meet the pleading requirements set forth by the Supreme Court in *Iqbal* and *Twombly*.  Defendants also contend that Plaintiff Hayes cannot pursue a § 1983 claim in this case because in connection with his March 24, 2009 arrest, he was convicted of the crime of possession of a firearm without a valid Firearm Owner's Identification Card in violation of 430 ILCS 65/2(a)(1).

In light of Plaintiffs' failure to respond to these arguments, the § 1983 claims against Brown and Draus are dismissed.  *Rosen*, 2008 WL 723331, at *6.

**CONCLUSION**

For the reasons stated above, the Trost Motion to Dismiss [Doc. 16] is granted with prejudice.  The Brown and Draus Motion to Dismiss [Doc. 17] is also granted, and the dismissal as to the malicious prosecution claims is with prejudice.  Plaintiffs have until November 28, 2011 to file an amended complaint consistent with this ruling.  If they fail to do so, the dismissal will be converted to one with prejudice as to all remaining claims.

ENTER:

Dated: October 27, 2011

SHEILA FINNEGAN
United States Magistrate Judge

8