**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DEMETRIA HAYES-NEWELL and DAVID HAYES,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **No. 11 C 4655** |
| **P.O. M. TROST, #10363, TYRA BROWN, #202, and LARRY DRAUS, #485, in their Individual capacities,** | ) ) ) ) | **Magistrate Judge Finnegan** |
| **Defendants.** | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Demetria Hayes-Newell and David Hayes filed suit against Chicago Police

Officer Mark Trost and Cook County Sheriff Investigators Tyra Brown and Larry Draus,

alleging false arrest and unlawful seizure in violation of 42 U.S.C. § 1983, and malicious

prosecution in violation of Illinois state law. On October 27, 2011, this Court dismissed the

claims against Officer Trost with prejudice because Plaintiffs failed to exercise reasonable

diligence to serve him with process within the applicable limitations period. *Hayes-Newell*

*v. Trost*, No. 11 C 4655, 2011 WL 5118441, at *2-3 (N.D. Ill. Oct. 27, 2011). The Court also

dismissed with prejudice Plaintiffs' malicious prosecution claims on the grounds that they

were time-barred. *Id.* at *3. Plaintiffs did not challenge Defendants' arguments for

dismissing the remaining false arrest and unlawful seizure claims, and the Court dismissed

those as well, but with leave to amend. *Id.* at *3-4.

On November 21, 2011, Plaintiffs filed a Second Amended Complaint ("SAC"), again

charging Defendants Draus and Brown with false arrest and unlawful seizure. Defendants

now move to dismiss the SAC in its entirety, arguing that they had probable cause to arrest

and detain Plaintiffs and seize their property, and that they are shielded from liability by qualified immunity. For the reasons set forth here, the Court rejects both arguments and denies the motion to dismiss.

## BACKGROUND[1]

On or about the evening of March 23, 2009, Defendant Brown, working undercover, went to Plaintiffs' residence and held herself out as someone interested in purchasing puppies. (Doc. 23 ¶ 8). At that time, she saw that the puppies were "well-nourished, healthy, safe, warm and secure," and she "knew there was no probable cause to suspect that any crime . . . had occurred." (*Id.* ¶¶ 9, 10). Nevertheless, Brown "[p]articipated or directed other law enforcement officers to prepare criminal complaints against the Plaintiffs" on charges of cruelty to animals and violations of animal owner duties. (*Id.* ¶ 11c). In that regard, Defendant Draus, who had "no personal knowledge of the conditions of the puppies and dogs," signed an affidavit in support of a search warrant for Plaintiffs' premises attesting to Brown's observation of "wire cages" that were "full of feces," a "very strong" smell of urine, and dogs that appeared "very weak" or "did not move." (*Id.* ¶¶ 11h, 17, 18; Complaint for Search Warrant, Doc. 26-1).[2]

---

[1]     In reviewing this motion to dismiss, the Court accepts the SAC's factual allegations as true and draws all reasonable inferences in Plaintiffs' favor. *McGowan v. Hulick*, 612 F.3d 636, 638 (7th Cir. 2010).

[2]     The Court may take judicial notice of documents in the public record without converting a motion to dismiss into a motion for summary judgment. *Pugh v. Tribune Co.*, 521 F.3d 686, 691, n.2 (7th Cir. 2008). *See also Fairley v. Zelenik*, 888 F. Supp. 89, 91 (N.D. Ill. 1995) (court considered an arrest warrant in ruling on a motion to dismiss where it was "referred to in the Complaint, although somewhat indirectly," and was "central to the claim" of unconstitutional arrest and detention under § 1983).

When Defendants executed the warrant and entered Plaintiffs' residence on March 24, 2009, Draus "immediately became aware of the well-nourished, healthy, safe, warm and secure conditions of the puppies and dogs." (Doc. 23 ¶ 19). Like Brown, however, Draus disregarded this evidence. (*Id.* ¶¶ 11e, 11f, 20e, 20f). Both Defendants detained and then arrested Plaintiffs on charges of cruelty to animals and violating animal owner duties, and seized numerous dogs. (*Id.* ¶¶ 4, 11g, 20g). Plaintiffs insist that Defendants knew they had not committed any crimes but "[w]ithheld information from other Sheriff and City officials and law enforcement officers of the lack of evidence of [any] offenses." (*Id.* ¶¶ 5, 11a, 20a). Plaintiffs further allege that Defendants "knew or should have known that there was an absence of probable cause to arrest" them, and acted "intentionally and with malice and not for the purpose of bringing the Plaintiffs to justice." (*Id.* ¶¶ 15, 24).

Plaintiffs were ultimately found not guilty of the animal crimes, and received a judgment of acquittal on November 4, 2009. (*Id.* ¶¶ 14, 23). In this lawsuit, they seek compensatory and punitive damages against Defendants under § 1983. Defendants dispute the charges and move for complete dismissal.

## DISCUSSION

In evaluating the sufficiency of a complaint under Rule 12(b)(6), the Court must "construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the nonmoving party's] favor." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). "To survive a motion to dismiss, the plaintiff must do more in the complaint than simply recite elements of a claim; the 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*,

3

129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 129 S.Ct. at 1949. *See also Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir.

2010). Although a "formulaic recitation of the elements of a cause of action will not do," *id.*

at 1949, a plaintiff need provide "only enough detail to give the defendant fair notice of what

the claim is and the grounds upon which it rests." *Reger Development, LLC v. National City

Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074,

1083 (7th Cir. 2008)).

## A.    Probable Cause

Defendants first claim that the SAC should be dismissed because they had probable

cause for their actions. It is well-established that "[p]robable cause is an absolute defense

to a wrongful arrest claim asserted under § 1983 against police officers." *Padula v.

Leimbach*, 656 F.3d 595, 601 (7th Cir. 2011). As the Seventh Circuit recently explained,

> [a] police officer has probable cause to arrest when, at the moment the
> decision is made, the facts and circumstances within her knowledge and of
> which she has reasonably trustworthy information would warrant a prudent
> person in believing that the suspect had committed or was committing an
> offense.

*Fleming v. Livingston County, Ill.*, __ F.3d __, 2012 WL 1021179, at *4 (7th Cir. 2012)

(quoting *Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999)). The officer's belief need not be

"correct or even more likely true than false, so long as it is reasonable." *Id.*

Defendants argue that they had probable cause to detain and arrest Plaintiffs and

seize their dogs because they obtained a valid search warrant signed by a Cook County

Circuit Court Judge. (Doc. 26, at 4). To be sure, "[t]he fact that an officer obtains a warrant

4

. . . creates a presumption that he conducted the search or seizure with an objectively reasonable belief that his actions were lawful." *U.S. v. Clark*, 668 F.3d 934, 941 (7th Cir. 2012). *See also Messerschmidt v. Millender*, 132 S. Ct. 1235, 1245 (2012) (quoting *U.S. v. Leon*, 468 U.S. 897, 921 (1984)) ("In the ordinary case, an officer cannot be expected to question the magistrate's responsibility to determine whether the officer's allegations establish probable cause."). Plaintiffs may rebut this presumption, however, by proving that "the issuing judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." *Id.* at 942.

Plaintiffs have alleged that at the time Defendants obtained the search warrant, Brown affirmatively knew from personal observation that the dogs in question were healthy and secure, but she falsely represented to the Judge – through Draus – that the animals appeared "very weak" or "did not move," and were being kept in wire cages "full of feces" and a "very strong" smell of urine. *Compare Turner v. Fallen*, No. 92 C 3222, 1992 WL 332312, at *4 (N.D. Ill. Nov. 6, 1992) (dismissing § 1983 claims where the plaintiff "made no allegations disputing the validity of the search warrant relied upon by the police officers."). Though Draus did not have first-hand knowledge of the conditions at Plaintiffs' premises until the warrant was executed, as Defendants themselves note, "[k]nowledge of Inv[estigator] Brown is imputed to Inv[estigator] Draus when they are in communication regarding a suspect." (Doc. 26, at 6) (citing *Manson v. City of Chicago*, 795 F. Supp. 2d 763, 767 (N.D. Ill. 2011)). Oddly, Defendants' motion omits any mention of these central allegations even though, on a motion to dismiss, this Court must accept them as true. And accepting these facts as true, the Court cannot say that the warrant establishes that Defendants had probable cause to detain and arrest Plaintiffs and seize their property.

5

For similar reasons, Defendants have attached undue significance to certain legal principles relating to search warrants. They note, for example, that law enforcement officers executing a warrant "have categorical authority to detain any occupant of the subject premises during the search." *U.S. v. Jennings*, 544 F.3d 815, 818 (7th Cir. 2008). They also observe that "[t]he actual innocence, potential harm, and stigmatization of the person arrested are irrelevant" in assessing the existence of probable cause. *Aasen v. DRM, Inc.*, No. 09 C 50228, 2010 WL 2698296, at *3 (N.D. Ill. July 8, 2010) (citing *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006)). Neither of these principles addresses the situation presented here, where Plaintiffs allege that Defendants secured and executed the search warrant and then detained and arrested plaintiffs despite affirmatively seeing for themselves – both before and upon execution of the warrant – that Plaintiffs' dogs were healthy, safe and clean. (Doc. 23 ¶¶ 9, 19).

Defendants' only response is that dismissal is appropriate because the information they possessed about the dogs "more than satisfies the rationale of *Aasen* and *Mustafa*, despite the repeated claims in the [SAC] that the Defendants did not have probable cause." (Doc. 29, at 2). The Court disagrees. In *Aasen*, the court found that officers had probable cause to arrest the plaintiff for theft based on a store manager's report that the plaintiff had stolen money. 2010 WL 2698296, at *1, 4. In *Mustafa*, similarly, the Seventh Circuit concluded that officers had probable cause to believe that the plaintiff had committed the crime of making a false bomb threat where (1) one officer observed the plaintiff at the center of "'commotion' and 'agitation' in progress," and (2) a manager told the officers that the plaintiff had said he might have a bomb. 442 F.3d at 547-48.

6

Unlike in *Aasen* and *Mustafa*, Plaintiffs here claim that Defendants affirmatively knew from personal observation that the dogs in question were healthy and secure, but arrested them anyway.  The search warrant affidavit does indicate that Brown received information about the dogs from a confidential source, but the SAC alleges that she learned the information was false when she visited Plaintiffs' residence before she obtained the warrant and effected the arrests.  Viewing the facts in a light most favorable to Plaintiffs, the SAC states "a claim to relief that is plausible on its face," *Zellner*, 639 F.3d at 378, and Defendants' motion to dismiss based on the existence of probable cause is therefore denied.

## B.     Qualified Immunity

Defendants next contend that the SAC must be dismissed because they have qualified immunity from liability.  "Qualified immunity protects public officials from liability for damages if their actions do not violate clearly established rights of which a reasonable person would have known."  *Fleming*, 2012 WL 1021179, at *5.  In determining whether Defendants are entitled to qualified immunity, the Court considers: "(1) whether the[y] violated a constitutional or statutory right, and (2) whether the right was clearly established at the time of the alleged misconduct."  *Gonzalez v. Village of West Milwaukee*, 671 F.3d 649, 657 (7th Cir. 2012).

The Court finds "no question that [Plaintiffs'] constitutional right to be free from arrest without probable cause was clearly established at the time of the incident."  *Fleming*, 2012 WL 1021179, at *5.  As explained earlier, moreover, Plaintiffs have alleged facts supporting their position that Defendants violated that right in this case.  Defendants disagree, arguing that "as long as [they] reasonably, albeit possibly mistakenly, believed that probable cause

7

existed to arrest [Plaintiffs], then [they are] entitled to qualified immunity." *Id.* This "arguable probable cause" standard is established "when a reasonable police officer in the same circumstances and . . . possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in light of well-established law." *Id.* (emphasis in original) (internal quotations omitted). As Defendants see it, the SAC "fails to allege that under the specific facts of their case, a reasonable officer would have known that he was violating their rights." (Doc. 26, at 8).

Once again, Defendants' argument ignores Plaintiffs' allegations that they made misrepresentations to the Circuit Court Judge in obtaining a search warrant, and personally observed that the dogs in question were healthy, clean, safe and well-nourished at the time of the detentions, arrests and seizure. Assuming, as the Court must, that these facts are true, a reasonable officer arguably would have known that he was violating Plaintiffs' rights. The Court is not persuaded that at this stage of the proceedings, Defendants have shown that they are entitled to qualified immunity, and their motion to dismiss must be denied.

## CONCLUSION

For the reasons stated above, Defendants Brown's and Draus' Motion to Dismiss Plaintiffs' Second Amended Complaint [Doc. 26] is denied.

ENTER:

Dated: April 13, 2012

*Sheila Finnegan*
SHEILA FINNEGAN
United States Magistrate Judge